UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID RODRIGUEZ,

       Petitioner,

                                    CASE NO. 4:06-CV-12631
v.                                   HONORABLE PAUL V. GADOLA

FEDERAL BUREAU OF PRISONS, et al.,

       Respondents.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas case brought pursuant to 28 U.S.C. § 2241. David Rodriguez ("Petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, is challenging a determination by the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a Community Corrections Center ("CCC"). For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

I.     Facts

In his pleadings, Petitioner states that he was sentenced to 20 months imprisonment for a supervised release violation on August 10, 2005. On or about April 30, 2006, Petitioner was informed that he would be eligible for placement in a CCC for no more than 10% of his total sentence, the equivalent of two months. Petitioner states that he filed a complaint with the BOP on May 28, 2006 challenging this determination, which was denied. Petitioner does not indicate what specific claims were included in this complaint, nor does he allege that he pursued his appellate

1

rights with the BOP regarding his CCC placement eligibility. Petitioner states that his projected release date is January 21, 2007 and that his full sentence expires on March 2, 2007.

Petitioner signed the instant petition on June 12, 2006, raising the following issues:

I. Whether the BOP categorically removed its ability to consider Petitioner under the explicit factors set forth by Congress in Section 3621(b) for making placement and transfer determinations to a CCC.

II. Whether the BOP is restricted by 18 U.S.C. § 3624(c) in designating a CCC for an inmate, Petitioner, not to exceed six months of the last 10% of his term.

III. Whether the Memorandum issued by the Department of Justice Office of Legal Counsel on December 13, 2002, concluding that the BOP did not have "general authority" under Section 3621 to place inmates in a CCC at the outset of their sentence or at any time the BOP chooses, is an invalid interpretation of the BOP's authorizing statute, 18 U.S.C. § 3621(b).

IV. Whether 28 C.F.R. §§ 570.20(a) and 570.21 (a)(b), 2005 regulation, the BOP will designate inmates to CCCs "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months," is an invalid interpretation of the BOP's authorizing statute, 18 U.S.C. § 3621(b).

V. Whether the December 13, 2002 BOP Policy Memorandum and 28 C.F.R. §§ 570.20(a) and 570.21(a)(b) retroactive application violates the Ex Post Facto Clause of the Constitution.

II. Analysis

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003). The burden is on the petitioner to prove exhaustion. *See, e.g., Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not met his burden of showing exhaustion of administrative remedies. Petitioner has not demonstrated that he has exhausted each of the claims contained in his habeas petition by filing

an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court. *See, e.g., Bailey v. Hemingway*, No. 01-72188, 2001 WL 1525269, *2 (E.D. Mich. Aug. 9, 2001) (listing available remedies).

Petitioner has not shown that exhaustion would be futile. Exhaustion requires that Petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Presentation of the claims is sufficient to satisfy exhaustion. Petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief. *See, e.g., Six v. United States Parole Comm'n.*, 502 F. Supp. 446, 448 (E.D. Mich. 1980).

III.    Conclusion

The Court concludes that Petitioner has not fully exhausted his administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

**SO ORDERED.**

Dated:    July 11, 2006                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on      July 11, 2006     , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                                                         
                                                                                                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                            David Rodriguez                                            
                                                                                                      .

                                                   s/Ruth A. Brissaud                       
                                                   Ruth A. Brissaud, Case Manager
                                                   (810) 341-7845